# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jesus Ivan Ochoa-Arrieta** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:11CR02149-001JB**<br>USM Number: **62730-051**<br>Defense Attorney: **Benjamin Wilson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a) and (b) | Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 06/15/2011 | |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 25, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 23, 2012**
Date Signed

Defendant: **Jesus Ivan Ochoa-Arrieta**
Case Number: **2:11CR02149-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **13 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(c), the Court will not impose a term of supervised release.**

The Court incorporates by reference its Memorandum Opinion and Order, filed April 20, 2012 (Doc. 30)("MOO"). On October 11, 2011, Ochoa-Arrieta pled guilty to the Indictment, filed August 9, 2011 (Doc. 11), charging a violation of 8 U.S.C. § 1326(a) and (b), that being Re-entry of a Removed Alien. See Non-Standard Fast Track Plea Agreement ¶ 3, at 2, filed October 11, 2011 (Doc. 18)("Plea Agreement"). Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Ochoa-Arrieta is entitled to a reduction of 2-offense levels under U.S.S.G. § 3E1.1(a), and, if applicable, a reduction of an additional offense level under U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6(a), at 2. The parties also agreed that, pursuant to the Attorney General`s fast track program and U.S.S.G. § 5K3.1, Ochoa-Arrieta is entitled to a reduction of one offense level for his waiver of appellate rights. See Plea Agreement ¶ 6(b), at 2. The Plea Agreement is contingent on Ochoa-Arrieta`s agreement that he will not collaterally attack or contest his prior deportation/removal order. See Plea Agreement ¶ 11(c), 5. Ochoa-Arrieta agreed to waive his rights to appeal the conviction or any sentence within the advisory guideline range as determined by the Court. See Plea Agreement ¶ 12, at 5. Apart from those stipulations, the parties reserved their rights to assert any position or argument with respect to the sentence imposed. See Plea Agreement ¶ 8, at 3.

On November 22, 2011, the United States Probation Office ("USPO") disclosed the PSR on Ochoa-Arrieta. The USPO calculates a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 11, at 3. It adds an 8-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because Ochoa-Arrieta was previously deported after a conviction for an aggravated felony. See PSR ¶ 12, at 3. The PSR applies a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 17, at 4. Additionally, pursuant to the Plea Agreement, the PSR applies a 1-level reduction. See PSR ¶ 19, at 4. Accordingly, Ochoa-Arrieta has a total offense level of 12. See PSR ¶ 19, at 4. The USPO calculates that Ochoa-Arrieta has a criminal history category of IV, based on 7 criminal history points. See PSR ¶ 25, at 7. A total offense level of 12 and a criminal history category of IV establish a guideline sentencing range of 21 to 27 months. See PSR at 11. Although the USPO did not reduce Ochoa-Arrieta`s offense level based on his cultural assimilation, it noted that, pursuant to application note 8 to U.S.S.G. § 2L1.2, a downward departure may be warranted. See PSR ¶¶ 49-51, at 12. In its MOO, the Court granted a 2-level downward departure based on cultural assimilation, under U.S.S.G. § 2L1.2. See MOO at 8-9.

Ochoa-Arrieta asked the Court for a time-served sentence. Plaintiff United States of America requested that the Court sentence Ochoa-Arrieta within the guideline imprisonment range. The Court has reviewed the PSR`s factual findings, and, there not being any objections to those findings, the Court adopts them as its own. The Court has also reviewed the PSR`s guidelines calculation, with the exception of a 2-level downward departure for cultural assimilation, the Court adopts those calculations as its own as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 13 and the criminal history category is IV, establishing a guideline imprisonment range of 24 to 30 months. Pursuant to rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, the Court accepts the Plea Agreement, which stipulates to an offense level of 12, as the Court is satisfied that the agreed-on offense departs for justifiable reasons. The Plea Agreement is pursuant to a non-standard fast track plea agreement. In section 401(m)(2)(b) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved of early disposition or fast track programs if certain conditions are met. The Court believes that these conditions are met in this case and that this departure is in the lower part of the range of departures that Congress allowed. The Court accepts the Plea Agreement, and the Court`s sentence will be consistent with it. An offense level of 12 and a criminal history category of IV establishes a guideline imprisonment range of 21 to 27 months.

Pursuant to U.S.S.G. § 2L1.2 application note 8, the Court finds that Ochoa-Arrieta has formed significant cultural ties with the United States and based upon its findings reduced his total offense level 2-levels. An offense level of 10 and a criminal history category of IV establishes a guideline imprisonment range of 15 to 21 months.

The Court notes that Ochoa-Arrieta illegally reentered the United States after having been previously deported following a

conviction for an aggravated felony. The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only of the guidelines, but of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully considering Ochoa-Arrieta`s circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense. The Court then considered the kinds of sentences and ranges established in the guidelines and concludes that some variance is appropriate. While the Court recognizes that some variance may be appropriate, the Court does not believe that, after the downward departure, it should vary much. The Court finds that the depression that Ochoa-Arrieta suffers from, his deportation, his lack of ties to Mexico, his work history, and the letters from his family explaining the contributions to society he has made in the United States counsel in favor of a variance. The Court would be inclined to vary 2-levels to a total offense level of 8, but for the resisting arrest charge and his criminal history. The Court believes that varying below the sentence he received for that conviction -- 12-months incarceration -- would be inappropriate. Accordingly, the Court will vary 1-level, which establishes a sentence of 12 to 18 months, and sentence Ochoa-Arrieta to 13-months imprisonment. The Court finds that this sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and continues to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The Court finds that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable, more reasonable than the applicable guidelines sentence. Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Ochoa-Arrieta to 13-months imprisonment.

☒  The court makes the following recommendations to the Bureau of Prisons:

   **The Court recommends the Defendant be allowed to serve the remainder of his sentence at Torrance County Detention Center, Estancia, New Mexico, if eligible.**

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant shall surrender to the United States Marshal for this district:
    ☐  at  on
    ☐  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  before 2 p.m. on
    ☐  as notified by the United States Marshal
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Jesus Ivan Ochoa-Arrieta**
Case Number: **2:11CR02149-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.